UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ROBERT L. SALEM
        Plaintiff,

v.

WEBER & OLCESE, P.L.C.,
JEFFREY M. WEBER,
MICHAEL J. OLCESE, and
JEFF MICHAELS,

      Defendants, jointly and severally.

Case No. 11 -   -cv
Hon.

**Demand for Jury Trial**

---

## CLASS ACTION COMPLAINT

Plaintiff, by his attorneys, and for his Class Action Complaint and Demand for Jury Trial, states as follows:

### INTRODUCTION

1. This case arises from Defendant's unfair and illegal debt collection practices.

2. Defendant Weber & Olcese, P.L.C. is a debt collection law firm. In conducting its business, Defendants have used collection methods which violate federal and state law and are unfair to Plaintiff and the members of the class.

3. Specifically, in seeking to collect debts on behalf of other parties, Defendants call debtors on their cellular telephones using pre-recorded messages, artificial voice messages, and an automated telephone dialing system without securing the prior express permission of the called party.

4. On information and belief, Defendants have used, and continue to use, such methods to collect debts from all members of the class.

5.    Defendants Jeffrey M. Weber, Michael J. Olcese, and Jeff Michaels are employees and/or agents of Defendant Weber & Olcese, P.L.C. Defendants Weber, Olcese, and Michaels were personally involved in the debt collection activities at issue in this case. Among other things, they participated in the formulating, implementing and ratifying of the unfair collection methods at issue in this case.

## JURISDICTION

6.    Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 as the claims arise under the laws of the United States.

7.    This action arises out of Defendant's illegal efforts to collect a consumer debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act 47 U.S.C. 227 et seq. ("TCPA").

8.    This Court has original jurisdiction over claims arising under both the FDCPA and the TCPA. In the alternative, this Court has original jurisdiction over claims arising under the FDCPA and supplemental jurisdiction over claims arising under the TCPA.

9.    In the alternative, on information and belief, this Court has jurisdiction over the claims arising under the TCPA pursuant to the Class Action Fairness Act. 28 U.S.C. § 1332(d).

10.   Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

11.   Plaintiff Robert L. Salem is a natural person who resides in Flushing Township, County of Genesee, State of Michigan, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12.   Defendant Weber & Olcese, P.L.C. is a collection agency whose registered agent is Micheal J. Olcese and whose registered agent's office mailing address is 3250 W. Big Beaver Rd.

Suite 124 Troy, MI 48084. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and is a "collection agency".

13. Defendant Jeffrey M. Weber is a member of Weber & Olcese, P.L.C., and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. Defendant Micheal J. Olcese is a member of Weber & Olcese, P.L.C., and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

15. Defendant Jeff Michaels is an employee of Weber & Olcese, P.L.C., and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

16. Plaintiff incurred a financial obligation when he charged items that were primarily for personal, family or household purposes to his Chase Bank USA, N.A. xxxxx6278 credit card account in an amount of approximately $10,000.14, that went into default and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a (5).

17. On the application for credit with Chase Bank, Plaintiff did not provide Chase his cell phone number or otherwise authorize Chase to contact him on his cell phone using artificial or prerecorded voice messages or automated telephone dialing equipment.

18. The Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendants for collection.

19. During the summer of 2010, Plaintiff began receiving calls from Defendants on his cell phone. Defendants called Plaintiff using an automatic telephone dialing system.

20. Defendants left numerous messages on Plaintiff's cell phone voicemail.

21. The messages left by Defendants were overwhelmingly artificial voice messages that were attempts to collect a debt.

22. In his communications with Defendants, Plaintiff did not authorize Defendants to contact him on his cell phone using artificial or prerecorded voice messages or automated telephone dialing equipment.

23. The act of calling a person on his cell phone using an artificial or prerecorded voice or using automated telephone dialing equipment without prior express permission is an invasion of privacy.

24. Approximately 23 artificial voice messages were left by Defendants on Plaintiffs' cell phone voice mail between September 15, 2010 and November 24, 2010.

25. Defendants left three prerecorded and/or live message of a person's voice on his cell phone between September 15, 2010 and November 24, 2010.

26. In these messages, Defendants failed to provide meaningful disclosure of their identities by failing to state that they were attempting to collect a debt, and by failing to identify themselves as debt collectors.

27. In the first of these messages, Defendants failed to disclose that Defendants were attempting to collect a debt and that any information obtained would be used for that purpose. In the subsequent messages, Defendants failed to specifically identify themselves as debt collectors.

28. On information and belief, Defendants' calls to Plaintiff were made using an automated telephone dialing system. This includes calls where Defendants left a message and calls where no message was left.

29. The voicemail messages referred to a file number of 10-14773-0 related to an account that Defendants allege is owed by Plaintiff for an alleged debt incurred to Chase Bank USA, N.A.

30. On information and belief, Defendants have made similar illegal communications to the members of the class on their cell phones without prior express permission.

31. On information and belief, Defendants Weber, Olcese, and Michaels were personally involved in the illegal debt collection action at issue in this case.

32. These defendants were personally involved in formulating, implementing, and ratifying the manner and use of the debt collection calls at issue in this case and authorized the use of those calls.

33. On information and belief, Defendants Weber, Olcese, and Michaels, as members and employees of Weber & Olcese, P.L.C., were also involved in the day to day collection activities of Weber & Olcese, P.L.C., and carried out, supervised and/or authorized those activities.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action as a class action against Defendants pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of a class consisting of all persons who, on or after July 25, 2007, were called by Defendants at their cellular phone number by the use of any automatic dialing system and/or who received an artificial or prerecorded message at their cellular phone number, and who did not give Defendants prior consent to engage in this activity.

35. Plaintiff is a member of the class and will fairly and adequately assert and protect the interests of the class. Plaintiff's interests are consistent with, and not antagonistic to, those of the other members of the class. He seeks to represent a class of individuals harmed by the same conduct that harmed him. As such, vindication of his claims will also be vindication of the other class members' claims.

36. Plaintiff has retained attorneys who are experienced in class action litigation, and who will provide adequate representation. Plaintiff's attorneys are experienced in complex litigation and consumer issues. They are also experienced in litigating class actions, including consumer class actions.

37. Members of the class are so numerous that joinder of all members of the class is impracticable. Upon information and belief, there are thousands of members of the class whose identities can be ascertained from the records and files of Defendants and from other sources.

38. Common questions of law and fact regarding Defendants' uniform illegal conduct predominate over any questions affecting only individual members of the class. Here, the common questions center around whether Defendants' collection communications violated federal statutes. This raises primarily questions of law and questions regarding Defendants' conduct. The actions and circumstances of the individual class members are largely irrelevant. Accordingly, common questions predominate over individual issues.

39. The prosecution of separate actions by individual members of the class would create a risk of, among other things, inconsistent or varying adjudications with respect to individual members of the class. Specifically, inconsistent results from multiple actions would result in Defendants treating similarly situated consumers differently. There is a risk that some consumers will be able to recover for Defendants' illegal conduct, while other consumers may not recover for the same illegal conduct. Defendants, meanwhile, would be required to operate under these inconsistent mandates, while treating similarly situated consumers differently.

40. The prosecution of separate actions also creates a risk of adjudication with respect to the parties which would, as a practical matter, be dispositive of the interests of other persons not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

41. The claims of the lead Plaintiff are typical of the claims of the class, and the class action method is appropriate for the fair and adequate prosecution of this action. This case arises from the uniform conduct of the Defendant and is based on Defendants' violations of federal. The conduct

and circumstances of the individual class members' is largely irrelevant. Because these claims arise from uniformly-illegal conduct, Plaintiff's claims are typical of the class.

42. Class treatment provides manageable judicial treatment of this case, calculated to bring a rapid conclusion to all litigation of all claims arising out of Defendants' conduct. Given that this case revolves around questions of law arising from uniform conduct, it can be efficiently resolved through a class action.

43. The certification of a class would also allow litigation of claims that, in view of the expense of litigation, may be insufficient in amount to support separate claims. Specifically, the damages authorized by the statutes are such that they do not warrant individual litigation by each and every class member.

44. Accordingly, Plaintiff brings this action on behalf of himself and on behalf of all other members of the class

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

45. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

46. Defendants have attempted to collect a debt from Plaintiff and the members of the class using unfair, deceptive, and unconscionable means, including engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff and the class members.

47. Among other things, the FDCPA forbids collection conduct that includes causing a telephone to ring or engaging any person in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. 15 U.S.C. § 1692d(5).

48. Defendants violated these provisions by repeatedly and continuously calling Plaintiff on his cell phone by use of an automated dialer, and leaving over 25 messages on his cell phone voice mail in a less-than-two-month period.

49. Plaintiff never gave Defendants permission to either call his cell phone, to call him using an automated dialer, or to leave artificial or prerecorded voice messages on his phone.

50. The frequency and volume of Defendants' calls demonstrate that Defendants had the intent to annoy, abuse, and/or harass Plaintiff.

51. Further, the nature of the calls, including the artificial messages left on Plaintiff's cellular telephone voicemail, demonstrate that Defendants had the intent to annoy, abuse, and/or harass Plaintiff.

52. Defendants' conduct was also false, deceptive and misleading in that on one occasion, Defendants failed to advise that they were seeking to collect a debt and that any information obtained would be used for that purpose. On two subsequent occassions, Defendants failed to advise that they are debt collectors. 15 U.S.C. § 1692e(11).

53. The foregoing acts and omissions of Defendants therefore violate the FDCPA 15 U.S.C. § 1692 et seq.

54. These were collection communications in violation of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, and 1692f.

55. As a result of Defendants' violations of the FDCPA, Plaintiff and the class are entitled to statutory damages in an amount up to $1,000.00 per person, pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II.
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. 227

56.     Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

57.     The Defendants have repeatedly violated the Telephone Consumer Protection Act with respect to the entire class.

58.     Defendants have called Plaintiff and the other class members on their cellular phones by use of an automatic dialing system and/or have left artificial or prerecorded messages on Plaintiff and the class members' cellular phones.

59.     Plaintiff and the members of the class did not give Defendants prior consent to engage in this conduct.

60.     Defendants' acts and practices were willful or knowing violations of the Telephone Consumer Protection Act under 47 U.S.C. 312(f).

61.     As a result of Defendants' willful or knowing violations of the Telephone Consumer Protection Act, Plaintiff and the class are entitled to treble statutory damages in an amount of $1500.00 per class member, plus reasonable attorney fees and court costs.

## COUNT III
### VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE
### MCL § 339.915

62.     Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

63.     Defendant Jeff Michaels is a licensee under the Michigan Occupational Code.

64.     Defendant Michaels has attempted to collect debts from Plaintiff and the members of the class using unfair, deceptive, harassing, and oppressive means.

65. Among other things, the Michigan Occupational Code forbids "harassing, oppressive, or abusive method[s] to collect a debt." MCL § 339.915(n). This includes "causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor." *Id.*

66. The Michigan Occupational Code also forbids communications with a debtor without accurately disclosing the caller's identity. MCL § 339.915(g).

67. Defendant's conduct includes repeatedly and continuously calling Plaintiff on his cell phone by use of an automated dialer, and leaving over 25 messages on his cell phone voice mail in a less-than-two-month period, all without permission from Plaintiff.

68. Defendant's conduct was misleading, deceptive, harassing, oppressive, and abusive, in violation of MCL § 339.915(a), (g), and (n).

69. Further, Defendant violated MCL § 339.915(q) by failing to implement procedures designed to prevent these violations.

70. As a result of Defendants' violations of the Michigan Occupational Code, Plaintiff and the class are entitled to statutory damages in an amount up to $150 per person, and reasonable attorney's fees and costs, pursuant to MCL § 339.916(2).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and 47 U.S.C. 227 (b)(3), including treble statutory damages;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

- for injunctive relief under the TCPA and Michigan Occupational Code enjoining Defendants to abide by all requirements of the TCPA and Michigan Occupational Code; and

- for such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

A Jury Trial is hereby demanded.

Respectfully submitted,
*Andrew L. Campbell*

Dated: July 27, 2011

Andrew L. Campbell
653 S. Saginaw Street, Suite 201
Flint, MI 48502
(810) 232-4344
hundy24@yahoo.com
P64391
Attorney for Plaintiff

Respectfully submitted,
*David Honigman*

David Honigman
David Hansma
1361 E. Big Beaver Rd
Troy, MI 48083
(248) 457-9200
dhonigman@manteselaw.com
dhansma@manteselaw.com